# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:10cv103

| | |
|---|---|
| **APPLIED BANK,** | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )  **O R D E R**<br>) |
| **POWER DEVELOPMENT, LLC, GERALD D. PAYNE, DAVID R. PAYNE and BILTMORE MANAGEMENT, LLC,** | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on the Notice of Removal filed by David R. Payne who appears as both a party and as counsel for the Defendants. [Doc. 1].

In the Notice of Removal, counsel cites federal question jurisdiction pursuant to 28 U.S.C. §1331 and 12 U.S.C. §1823 as grounds for removal. The complaint alleges that the Plaintiff owns a commercial promissory note made by Defendant Power Development, LLC and originally held by the Silverton Bank, N.A. The Federal Deposit Insurance Corporation (FDIC) subsequently became the receiver for the Silverton Bank at which time the

loan represented by the note in question was sold to Applied Bank. The complaint alleges that the note was personally guaranteed by the Payne Defendants and secured by a deed of trust and assignment of rents. Applied Bank has a state court foreclosure action pending against the property which secures the note. By virtue of this separate action, Applied Bank sought the appointment of a receiver, to collect rents and to enforce and collect on the personal guarantees. The Defendants removed the action to this Court claiming federal question jurisdiction.

The issues raised in this action do not include the underlying management by the FDIC, as the receiver of Silverton, of that bank's assets. Instead, the Plaintiff seeks to enforce its remedies under the note and deed of trust. The allegations of the complaint do not raise federal question jurisdiction and the Defendants may not create such jurisdiction by claims made in the Notice of Removal. Vecchione v. Option One Mortgage Co., 2009 WL 3435166 (M.D.N.C. 2009). The Defendants' cursory citation to the statutory provisions pursuant to which the FDIC stabilizes insured banks does not set forth federal question jurisdiction over this action to enforce a promissory note. In addition, the provision in the contract cited by the Defendants that recognizes that federal law may be applicable to some aspects of this case does not raise a federal question, but rather is little more

than an acknowledgment of the Supremacy Clause of the Constitution. Section 1331 has been narrowly construed to require that the case present a federal *question* in order for jurisdiction to lie.  A case merely "arising under" federal law is insufficient.  Verlinden, BV v. Central Bank of Nigeria, 461 U.S. 480, 495, 103 S.Ct. 1962, 1972 (1983).  Based on the Notice of Removal and the underlying Complaint, this case appears to present neither.  Indeed, it appears that the removal of this action may be an attempt to stall the state court foreclosure.[1]

As a result, the Court will provide the parties with an opportunity to move for remand or to respond to this Order.  See, *e.g.* In re Foreclosure by David A. Simpson, P.C., 2010 WL 1838181 (W.D.N.C. 2010) (remanding foreclosure action);  Interstate Petroleum Corp. v. Morgan, 249 F.3d 215 (4th Cir. 2001) (district courts have *sua sponte* obligation to determine jurisdiction); Plyer v. Moore, 129 F.3d 728, 732 n.6 (4th Cir. 1997), *citing* North Carolina v. Ivory, 906 F.2d 999, 1000 n.1 (4th Cir. 1990); 28 U.S.C. §1447(c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**IT IS, THEREFORE, ORDERED** that on or before June 7, 2010, the parties shall file with the Court the authorities upon which they rely for their

---

[1] Counsel removed the case to this Court on the morning that a hearing was scheduled in state court.

assertion that jurisdiction lies in this Court, and shall particularly identify the federal question that is raised by the pleadings herein; or in the alternative the parties may move to remand this matter on or before said date, along with the required authorities to support such motion.

Signed: May 31, 2010

Martin Reidinger
United States District Judge