# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:10cv103

| | |
|---|---|
| APPLIED BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER OF REMAND |
| ) | |
| POWER DEVELOPMENT, LLC, ) | |
| GERALD D. PAYNE, DAVID R. ) | |
| PAYNE and BILTMORE ) | |
| MANAGEMENT, LLC, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Remand [Doc. 5] and the Defendants' Memorandum in Support of Federal Jurisdiction [Doc. 3].

## PROCEDURAL HISTORY

The Defendant's removed this action from state court on May 24, 2010. [Doc. 1]. In the Notice of Removal, defense counsel cites federal question jurisdiction pursuant to 28 U.S.C. §1331 and 12 U.S.C. §1823 as grounds for removal. [Id.]. In the Complaint, the Plaintiff alleged that it owns a commercial

1

promissory note made by Defendant Power Development, LLC (Power Development) and originally held by the Silverton Bank, N.A. [Doc. 1-1]. The Federal Deposit Insurance Corporation (FDIC) subsequently became the receiver for the Silverton Bank at which time the loan represented by the note in question was sold to Applied Bank. [Id.]. The Complaint alleges that the note was personally guaranteed by Gerald D. Payne and David R. Payne (Payne Defendants) and also secured by a deed of trust and assignment of rents. [Id.]. Applied Bank as the owner of the note has a foreclosure action presently pending against the property which secures the note. [Id.]. In the state court action removed here, Applied Bank sought the appointment of a receiver, to collect rents and to enforce the personal guarantees. [Id.].

On June 1, 2010, the Court ordered the parties to file response showing the authorities upon which they relied to show jurisdiction in this Court and/or to move to remand. [Doc. 2]; See, Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008) (District courts have an independent obligation to address subject matter jurisdiction *sua sponte*.). The Defendants filed a memorandum of law while the Plaintiff filed a timely motion to remand. [Doc. 3; Doc. 5]. The Defendants failed to respond to the motion to remand. On July 6, 2010, the Payne Defendants and Biltmore Management, LLC filed

2

an answer in which it was disclosed that Power Development has filed a petition pursuant to Chapter 11 of the United States Bankruptcy Code. [Doc. 7, at 1 n.1].

## STANDARD OF REVIEW

Only "actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). The party seeking removal of an action from state court bears the burden of showing federal subject matter jurisdiction. Maryland Stadium Authority v. Ellerbe Becket, Inc., 407 F.3d 255, 260 (4th Cir. 2005), *citing* Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994) (other citations omitted). The Defendants[1] here rely on federal question jurisdiction. Title 28, Section 1331 of the United States Code provides that the "district court shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." A case arises under federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance, Inc.

---

[1] In view of the bankruptcy action pending on behalf of Power Development, the use of the term Defendants will refer only to the other defendants.

3

v. McVeigh, 547 U.S. 677, 690, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006).

"Removal jurisdiction is not a favored construction; [the Fourth Circuit] construe[s] it strictly in light of the federalism concerns inherent in that form of federal jurisdiction." In re Blackwater Security Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006), *certiorari denied* 549 U.S. 1260, 127 S.Ct. 1381, 167 L.Ed.2d 174 (2007) (citations omitted).

> Under what has become known as the well-pleaded complaint rule, §1331 federal question jurisdiction is limited to actions in which the plaintiff's well-pleaded complaint raises an issue of federal law; actions in which defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question. In other words, a defendant may not defend his way into federal court because a federal defense does not create a federal question under §1331.

Id., at 584 (citations omitted).

The removal statute provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a case removed from state court], the case *shall* be remanded." 28 U.S.C. §1447(c) (emphasis provided). An order remanding a case for lack of subject matter jurisdiction is not reviewable on appeal. 28 U.S.C. §1447(d); Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d at 196 ("[A] remand order based on a lack of subject matter jurisdiction, whether *sua sponte* or not, falls within the scope of §1447(c) and therefore is not reviewable by a court of appeals.").

4

## DISCUSSION

In the Complaint removed from state court, the Plaintiff alleges: (1) Power Development has failed to pay the sums due under the promissory note; (2) the Payne Defendants personally guaranteed all amounts due under the note; (3) the Payne Defendants have failed to pay the sums due; (4) the note is secured by a deed of trust and an assignment of rents; (5) the collateral securing the note is real estate known as "The Residences at Biltmore, Phase II;" (6) although a foreclosure action is pending against that real estate, the Plaintiff also seeks to enforce the note and the assignment of rents as well as the personal guarantees of the Payne Defendants. [Doc. 1-1]. None of these state law claims could have been filed originally in federal court. Cabiran v. Baer, 2010 WL 2360606 (E.D.La. 2010) (action to collect on promissory notes does not give rise to federal question jurisdiction). None of them implicates a substantial question of federal law. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 814, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986); DeWalt v. Dillard's, Inc., 2006 WL 3327633 (E.D.Va. 2006) (purely state law claims cannot raise a substantial question of federal law).

The Defendants, in fact, do not dispute that the Plaintiff's Complaint raises only state law causes of action. They claim, in defense, that the Plaintiff

5

does not have physical possession of the original promissory note and therefore may not enforce it without establishing a chain of custody. [Doc. 3]. The only manner in which the Plaintiff may establish that chain, Defendants argue, is through the statutory and regulatory scheme of the Federal Deposit Insurance Corporation (FDIC). [Id.]. The issues raised in this action, however, do not include the management by the FDIC, as the receiver of Silverton, of that bank's assets. See, 12 U.S.C. §1821. Instead, the Plaintiff seeks to enforce its remedies under the note, the personal guarantees, the deed of trust and the assignment of rents. These are uniquely state court remedies that would arise from claims under state law. The statute cited by the Defendants to establish federal question jurisdiction,12 U.S.C. §1823, is inapposite. That statute dictates that the FDIC may exercise its authority to stabilize insured banks and sets in place implementing procedures. It does not establish federal question jurisdiction over every subsequent action to enforce a promissory note, personal guarantee or deed of trust. The Court rejects the Defendants' argument as an attempt to bootstrap federal subject matter jurisdiction through a defense. See, Nordan v. Blackwater Security Consulting, LLC, 382 F.Supp.2d 801, 807 (E.D.N.C. 2005), *affirmed* In re Blackwater, 460 F.3d 576.

The Court having considered the issue of subject matter jurisdiction and determined there is none, "§1447(c) directs that the case 'shall be remanded.'" In re Blackwater, 460 F.3d at 589-90.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Remand [Doc. 5] is hereby **GRANTED** and this action is hereby remanded to state court.

Signed: August 3, 2010

Martin Reidinger
United States District Judge